**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2834-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LINCOLN J. SMITH,

    Defendant-Appellant.

_____

Submitted March 16, 2021 – Decided June 23, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 06-02-0218.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Robert J. Carroll, Morris County Acting Prosecutor, attorney for respondent (Paula Jordao, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Lincoln J. Smith and a female were observed by a Morristown police officer—to whom both were known—engage in a hand-to-hand sale of a suspected controlled dangerous substance (CDS). After the female was arrested and admitted to police she purchased cocaine from defendant, and a search of the vehicle from which defendant was seen exiting revealed more suspected CDS, defendant was indicted for: third-degree aggravated assault of a law enforcement officer, N.J.S.A. 2C:12-1(b)(5) (count one); third-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count two); third-degree conspiracy to possess CDS, N.J.S.A. 2C:5-2(a)(1) and 2C:35-10(a)(1) (count three); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count four); third-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (count five); third-degree conspiracy to possess with intent to distribute CDS, N.J.S.A. 2C:5-2(a)(1), 2C:35-5(a)(1) and 2C:35-5(b)(3) (count six); second-degree possession with intent to distribute CDS within 500 feet of public property, N.J.S.A. 2C:35-7.1 (count seven); he was also charged in a complaint-warrant with possession of marijuana, N.J.S.A. 2C:35-10(a)(4). He pleaded guilty to second-degree possession of cocaine with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1, and was sentenced on August 29, 2006, in accordance with the plea agreement—under which the State agreed not

to seek an extended-term sentence or a period of parole ineligibility—to a five-year prison term; all other charges were dismissed. He did not file a direct appeal.

The Department of Homeland Security initiated removal proceedings against defendant, a citizen of Jamaica who entered the United States in 1987, by serving him with a Notice to Appear in August 2017. See Smith v. Barr, 444 F. Supp. 3d 1289, 1291-92 (N.D. Okla. 2020), appeal dismissed, No. 20-5053, 2020 U.S. App. LEXIS 36684 (10th Cir. Aug. 20, 2020). Immigration and Customs Enforcement (ICE) agents took defendant into custody on or about August 21, 2017. Id. at 1292.

On January 2, 2019, defendant filed a pro se petition for post-conviction relief (PCR)[1] which was denied by the PCR court. He appeals from that order, arguing:

> POINT I
>
> BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR PCR.
>
> (A) Legal Standards Governing Applications [f]or Post-Conviction Relief[.]

---

[1] The PCR petition was dated November 18, 2018.

(B) Defense Counsel [W]as Ineffective [f]or Among Other Reasons [i]n Failing to Advise [Defendant] that Pleading Guilty [M]ay Result in His Deportation.

POINT II

BECAUSE DEFENDANT DID NOT MAKE A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Applications for Post-Conviction Relief.

(B) Defendant Did Not Make a Knowing, Intelligent, and Voluntary Guilty Plea.

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

(A) Legal Standards Governing Post-Conviction Relief Evidentiary Hearings[.]

(B) In the Alternative, [Defendant] [I]s Entitled to an Evidentiary Hearing.

Reviewing the factual inferences drawn by the PCR judge and his legal conclusions de novo because he did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), and considering "the facts in the light most favorable to" defendant, State v. Preciose, 129 N.J. 451, 463

4

(1992), we affirm because his PCR petition is time-barred, R. 3:22-12(a)(1), and defendant did not establish a prima facie case of ineffective assistance of counsel under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984), to warrant an evidentiary hearing, Preciose, 129 N.J. at 462-63; see also R. 3:22-10(b).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; accord State v. Fritz, 105 N.J. 42, 57-58 (1987). On petitions brought by a defendant who has entered a guilty plea, defendant satisfies the first Strickland prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). Defendant proves the second component of Strickland by establishing "a reasonable probability that" defendant "would not have pled guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

5

A first petition for PCR must be filed within five years of "the date of entry[,] pursuant to Rule 3:21-5[,] of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). A late filing may be considered if the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits, R. 3:22-12(a)(1)(A); see also State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013), or the petition is filed under Rule 3:22-12(a)(1)(B) within one year from the date of discovery of the factual predicate on which relief is sought "if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence," R. 3:22-12(a)(2)(B). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. 41, 52 (1997). "[A] court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Mitchell, 126 N.J. 565, 580 (1992).

Defendant filed his PCR petition in January 2019, over twelve years after the sentencing judge filed the judgment of conviction in August 2006. Although

the sentencing judge neglected to remind defendant of the five-year window to file a PCR petition, "[i]gnorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003). Similarly, a defendant's "lack[] [of] sophistication in the law" is not excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000). Nor does lack of factual knowledge amount to excusable neglect. See State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999).

We also note defendant was taken into ICE custody on August 21, 2017. Smith, 444 F. Supp. at 1292. Knowing he faced deportation, he still did not file the PCR petition for over sixteen months. He thus is not entitled to relief under Rule 3:22-12(a)(1)(B) because he did not file within one year of the date he knew of the factual predicate for his PCR petition.

In rejecting defendant's claim of excusable neglect, we also consider the prejudice to the State. Obviously if it were required to reconstruct this matter for trial, the State would be prejudiced by defendant's significant filing delay. Our Supreme Court recognized:

> [a]s time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a

7

> plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. . . . Moreover, the [time-bar] Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.
>
> [Mitchell, 126 N.J. at 575-76.]

Defendant argues the time bar "should be relaxed because [the] Sixth Amendment violation [causing him to be unaware of the 'deportation consequences' of his plea] works a fundamental injustice." Counsel, however, was not ineffective. Accordingly, defendant is not entitled to relief from the time bar.

We address the merits of defendant's PCR claims starting with his claim he was misadvised as to the immigration consequences of his plea. Although the United States Supreme Court held in Padilla, 559 U.S. at 368-69, that the Sixth Amendment obligation to render effective assistance requires counsel to inform clients of the possible immigration consequences of entering a guilty plea, our Supreme Court, in Gaitan, 209 N.J. at 372-73, held that Padilla had only prospective application because it established a new rule of law, see also Chaidez v. United States, 568 U.S. 342, 357-58 (2013).

8

At the time defendant entered his plea in 2006, his counsel was not required to give any advice about the deportation consequences of pleading guilty; a defendant could, however, establish the first prong of the Strickland-Fritz test by showing his counsel gave false or affirmatively misleading advice about the deportation consequences of pleading guilty. See Nuñez-Valdéz, 200 N.J. at 140-42. "Only if [a] defendant's attorney affirmatively gave incorrect advice about the deportation consequences of his guilty plea might he be entitled to set aside his conviction in accordance with the holding of Nuñez-Valdéz." Brewster, 429 N.J. Super. at 394-95.

Defendant's plea counsel did not misadvise defendant about his immigration status because defendant maintained he was a United States citizen. During the plea colloquy, in response to plea counsel's questions, defendant confirmed the questions counsel was going to review were "the same questions [they] went through out in the hallway"; defendant acknowledged the circled answers on the plea form were his. At that time, question seventeen of the standard plea form asked, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" The circled answer was "N/A." Counsel also asked, "All right, you are a United States citizen, so you don't have to worry about being deported. You don't hold

public office. You're not going to lose your job as a result of this. Is that correct?" Defendant answered, "Yes."

At sentencing, plea counsel represented to the court that he had received a copy of the presentence report and "had a very long time on Friday to review it. Everything's accurate except, obviously, the jail credit." Both the presentence report and Uniform Defendant Intake list "QUEENS, NY" as defendant's place of birth. The "US" box designating defendant's citizenship on the Uniform Defendant Intake is checked, and the form provides defendant was twenty-eight years old and had resided in the United States for twenty-eight years.

We note defendant did not appear for his presentence interview despite mailed notices to each of defendant's two last known addresses and the probation officer's reminder call to defendant's wife. As conceded in defendant's merits brief, defendant's wife "advised the probation officer that she would tell [defendant] to call back for his interview." And defendant did not correct any information contained in the presentence report when he exercised his right of allocution at sentencing.

Under the circumstances, plea counsel did not misadvise defendant as to deportation consequences because, as admitted in defendant's merits brief, "[t]he

plea transcript proves [plea] counsel was unaware that [defendant] was not a U.S. [c]itizen." Counsel's advice was based on defendant's representation that he was a United States citizen.

Contrary to defendant's claim, his plea counsel was not ineffective under the standard in effect at the time defendant entered his plea. See Gaitan, 209 N.J. at 372-73. As in Gaitan, "there is no evidence or claim that, at the time, defendant sought more information about immigration consequences and was then misinformed by counsel." Id. at 375.

Cognately, we determine there is insufficient merit to defendant's claim that counsel was ineffective for failing to investigate his citizenship status to warrant discussion. R. 2:11-3(e)(2). There is no reason in the record why plea counsel would have or should have doubted defendant's representation that he was a United States citizen. Nothing in the record establishes that defendant raised to plea counsel any question as to his citizenship. Although defendant points out a Morristown Police Department arrest report lists "KINGSTON, JAMAICA" as defendant's place of birth, that report does not designate defendant's citizenship; and the place of birth is not indicative of citizenship status.

A-2834-19

Defendant also contends "[t]he PCR [court] did not address [his] arguments contained in his pro se PCR petition that [plea] counsel was ineffective in failing to investigate his case, review discovery with him, explain his legal options, and . . . file pre[]trial motions." We would ordinarily remand a matter in which the trial court did not set forth its findings of fact and conclusions of law, see R. 1:7-4(a), and address each point raised in a PCR petition, see R. 3:22-11. But defendant's bald claims are insufficient to establish a claim of ineffective assistance of counsel. A defendant

> must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance. Thus, when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.
>
> [Cummings, 321 N.J. Super. at 170.]

Similarly, if a defendant claims trial counsel failed to pursue certain motions, he must specify those motions. Here, defendant has failed to provide such certifications or affidavits setting forth any facts in support of his bald assertions. And, defendant's arguments about plea counsel's failure to review discovery and explain his legal options are without sufficient merit to warrant

12

discussion. R. 2:11-3(e)(2). Defendant's admissions during his plea colloquy about his interactions with counsel and his answers on the plea form belie those contentions.

Furthermore, defendant did not establish a prima facie case to warrant an evidentiary hearing. A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim, Cummings, 321 N.J. Super. at 170. "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299. Defendant's bald averments, belied by the record, do not establish a prima facie claim. And, an evidentiary hearing is not to be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997).

In that section of his merits brief arguing defendant's plea was not knowing, intelligent and voluntary, defendant refers to portions of his certification submitted with his PCR petition to support that argument:

> Defendant certified that "[m]y attorney also pressured me to plead guilty which was part of my confusion. I was never advised I could be deported. [My attorney] said deportation was not an issue in my case. This was erroneous advice." He continued that "I felt rushed throughout my matter and was never advised I faced

13

deportation." Defendant concluded that "[m]y plea was not knowing [(sic)] and voluntarily entered because I was pressured to plead guilty and misadvised regarding the immigration consequences of my pleas."

[(First, second and third alterations in original.)]

In his brief to the PCR court, however, defendant argued only that his plea was not knowingly and voluntarily entered "[a]s a consequence of [plea counsel] not advising him he faced mandatory deportation." In light of our determination that plea counsel did not misadvise defendant as to the immigration consequences of his plea, there are no supported grounds for defendant's arguments. Again, the record of the plea hearing belies defendant's other bald assertions.

To the extent defendant's remaining arguments are not addressed, we determine they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2834-19